**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA SNEDDON, <br><br>        Plaintiff, <br>  v. <br><br>HOTWIRE, INC., <br><br>        Defendant. <br>_____/ | No. C 05-0951 SI <br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTIONS TO THE SAN FRANCISCO COUNTY SUPERIOR COURT** |
| ASHLEY SALISBURY, <br><br>        Plaintiff, <br>  v. <br><br>HOTWIRE, INC. , <br><br>        Defendant. <br>_____/ | No. C 05-0952 SI |
| BRUCE DEATON, <br><br>        Plaintiff, <br>  v. <br><br>HOTWIRE, INC., <br><br>       Defendant. <br>_____/ | No. C 05-0953 SI |

Plaintiff's motion to remand these consolidated actions to state court is currently pending for decision, and the Court has deemed this motion suitable for decision without oral argument pursuant to Local Rule 7-1(b). Having carefully considered the papers submitted, the Court hereby GRANTS plaintiff's motion to remand, REMANDS these actions to the Superior Court for the County of San Francisco, and DENIES plaintiff's request for fees and costs. The July 1, 2005 hearing date is hereby VACATED.

**BACKGROUND**

On January 13, 2005, plaintiff Jana Sneddon filed a class action against defendant Hotwire, Inc. in the Superior Court for the County of San Francisco. On February 17, 2005, plaintiff Ashley Salisbury filed a class action against defendant Hotwire, Inc. in the Superior Court for the County of San Francisco. On January 10, 2005, plaintiff Bruce Deaton filed a class action against defendant Hotwire, Inc. in the Superior Court for the County of San Francisco.

The class actions assert three causes of action against defendant: 1) violation of California's Unfair Competition Law, Business & Professions Code § 17200 *et seq.*; 2) conversion; and 3) imposition of a constructive trust. Defendant provides an internet service which sells discounted hotel rooms to the general public. Plaintiffs' claims stem from defendant's additional charge for "taxes/fees." Plaintiffs assert that defendant charges customers more under "taxes/fees" than it actually remits to the government, and that the differential is wrongfully retained by defendant. The class consists of all customers who paid defendant "taxes/fees" during the period from December 30, 1990 to the present.

On March 7, 2005, all three actions were removed from San Francisco Superior Court to the U.S. District Court for the Northern District of California, based on federal subject matter jurisdiction created under the newly enacted Class Action Fairness Act (CAFA), 28 U.S.C. § 1453. CAFA expanded the scope of federal jurisdiction for class actions by relaxing the diversity requirements and allowing aggregation for the amount in controversy requirement. The new statute, signed by President Bush on February 18, 2005, "appl[ies] to any civil action commenced on or after the date of enactment of this Act." Pub. L. 109-2 § 9.

On March 22, 2005, a motion to remand was filed in each action. Thereafter the actions were related before a single judge, were reassigned to the undersigned district judge and, on April 20, 2005, were consolidated into one action. Defendant filed a single opposition to remand of the now-consolidated actions, and plaintiffs filed a unified reply. It is these motions which are presently before the Court.

**LEGAL STANDARD**

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The court may remand sua sponte or on motion of a party, and the party who invoked the federal

court's removal jurisdiction has the burden of establishing federal jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)); Salveson v. Western States Bankcard Ass'n, 525 F. Supp. 566, 571 (N.D. Cal. 1981), aff'd in part, rev'd in part, 731 F.2d 1423 (9th Cir. 1984); Schwarzer, Tashima, Wagstaffe, Federal Civil Procedure Before Trial, ¶ 2:1093 (1992).

The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979); Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

**DISCUSSION**

**1.   "Commencement" of an action under CAFA**

The decision in this case turns on interpreting the language of the Class Action Fairness Act. Diversity jurisdiction under CAFA applies "to any civil action commenced on or after the date of enactment of this Act [February 18, 2005]." Pub. L. 109-2, § 9. If an action "commences" when it is filed in state court, as plaintiffs contend, then there was no subject matter jurisdiction over these actions and removal was improper, because CAFA was not yet effective when they commenced. On the other hand, if an action "commences" when it is removed to federal court, which in this instance occurred on March 7, 2005, then this action was properly removed under CAFA.

So far as this Court is aware, all courts which have addressed this issue under CAFA have held that the commencement of an action refers to the date the action is filed in state court, not when the case is removed to federal court. Pritchett v. Office Depot, Inc., 404 F.3d 1232 (10th Cir. 2005); Knudsen v. Liberty Mut. Ins. Co., No. 05-1080, 2005 U.S. App. LEXIS 10440 (7th Cir. June 7, 2005); In re Expedia Hotel Taxes and Fees Litigation, Case No. C05-0365C, April 15, 2005 (W.D. Wash. 2005); Bush v. Cheaptickets, Case No. CV 05-2285 (C.D. Cal. 2005).

Statutory definitions of "commencement" support this view. According to the Federal Rules of Civil Procedure, an action commences at the "filing [of] a complaint with the court." Fed. R. Civ. Proc. 3. Likewise under California law, a civil action commences when a complaint is filed with the court. Cal. Code Civ. Proc.

3

§§ 350, 411.10.[1] Serendipitously, logic also supports this view: since an action can only be commenced once, it cannot commence at the time of removal because "it is already pending by that time." Bush v. Cheaptickets, Case No. CV 05-2285 PA (C.D. Cal. 2005), May 5, 2005 Order at 3.

The legislative history of CAFA is in accord. When CAFA was first introduced in the House, the removal provision applied to cases certified as class actions on or following the effective date. See H.R. 516, 109th Cong. § 7 (2005). Under such a provision, this action would have been subject to CAFA. However, Congress rejected this provision and chose to apply CAFA only to cases commenced on or after February 18, 2005. See Pub. L. 109-2, § 9. For example, Senator Dodd said that "despite those who wanted it to . . . a case filed before the date of enactment will be unaffected by any provision of this legislation." 151 Cong. Rc. S1080 (daily ed. Feb. 8, 2005). This Court concludes the legislative history clearly supports an inference that CAFA does not apply to cases filed before February 18, 2005.

Defendant urges the Court to follow the apparent purpose of CAFA, rather than its express language, by granting federal jurisdiction to a broader spectrum of class actions than the words of the statute would require. However, the Court will follow the Supreme Court's clear directive that "the courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254 (1992). If the legislature intended that CAFA apply to cases filed before the enactment date, it would have said so, and would likely have enacted the retroactive House bill, H.R. 516, or some other statute.[2]

Plaintiff's motion to remand for lack of federal jurisdiction is therefore GRANTED.

---

[1] "District courts within the Ninth Circuit have found that 'in removal cases, "commencement" is governed by the law of the state in which the action originated.'" In re Expedia Hotel Taxes and Fees Litigation, Case No. C 05-0365C (W.D.Wash. 2005), April 15, 2005 Order at 2 (citations omitted).

[2] Defendant relies on Lorraine Motors, Inc. v. Aetna Casualty & Surety Co., 166 F. Supp. 319, 322-23 (E.D.N.Y. 1958), to support its argument that actions commence when they are removed to federal court. Its argument, which has been rejected by other courts considering it, see Pritchett, 404 F.3d at 1237, is unpersuasive.

4

**2.    Attorney fees**

An order for remand may properly be followed by an award of attorneys' fees and costs accrued at trial. 28 U.S.C. § 1447(c). A district court has broad discretion in ordering attorneys' fees and costs, and bad faith is not required to justify an award of fees. Moore v. Permanente Medical Group, 981 F.2d 443, 448 (9th Cir. 1992). However, the Court finds that an award of attorney fees would be inappropriate in this instance. Defendant's removal was prompt and the issue raised is a new one. Although this Court considers defendant's removal improper, it finds that no award of attorneys fees is warranted.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to remand and REMANDS this action to the San Francisco Superior Court. Plaintiffs' request for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: June 29, 2005

_____
SUSAN ILLSTON
United States District Judge